IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 05-cv-01848-OES

DEC 7 – 2005

ROBERT EUGENE VALCIK,

GREGORY C. LANGHAM
CLERK

　　　　Plaintiff,

v.

JOE ORTIZ,
DONALD MANN, and
ANTHONY CAROCE,

　　　　Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

　　　　Plaintiff is incarcerated at the Colorado Department of Corrections and currently is held at Buena Vista, Colorado, Correctional Facility.  On September 14, 2005, Plaintiff submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983.

　　　　The Court will review the Complaint and construe the document liberally, because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

　　　　The Court has reviewed the Complaint and finds that it is deficient.  Plaintiff asserts three claims complaining about threats made against his life and the lack of proper medical care by prison staff.  Nonetheless, Plaintiff fails to allege facts that

demonstrate how each Defendant personally participated in the asserted violations of his constitutional rights.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Plaintiff will be ordered to file an Amended Complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Plaintiff also will be ordered to state how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Plaintiff has not exhausted administrative remedies with respect to each claim he asserts, the entire complaint must be dismissed.

Plaintiff has submitted copies of administrative grievances, but either the grievances do not pertain to the claims he asserts or the grievances are not exhausted. Plaintiff must attach copies of administrative proceedings or describe their disposition with specificity that pertain to the claims he raises. He also must provide evidence that he has exhausted each of the grievances. The action will be dismissed if he fails to do so in the Amended Complaint. Accordingly, it is

ORDERED that Plaintiff file **within thirty days from the date of this Order** an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of the Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

3

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with the Order to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 7 day of December , 2005.

BY THE COURT:


O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01848-OES

Robert Eugene Valcik
Prisoner No. 123780
Four Mile Corr. Center
PO Box 200 – Unit C
Canon City, CO 81215- 0200

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _12-7-05_

GREGORY C. LANGHAM, CLERK

By:_____
                   Deputy Clerk